Michael Kind, Esq.
Nevada Bar No.: 13903
**KIND LAW**
8860 South Maryland Parkway, Suite 106
Las Vegas, Nevada 89123
(702) 337-2322
(702) 329-5881 (fax)
mk@kindlaw.com

George Haines, Esq.
Nevada Bar No.: 9411
Gerardo Avalos, Esq.
Nevada Bar No.: 15171
**FREEDOM LAW FIRM**
8985 S. Eastern Ave., Suite 350
Las Vegas, Nevada 89123
(702) 880-5554
(702) 385-5518 (fax)
Ghaines@freedomlegalteam.com
*Counsel for Plaintiff Glenn Pierce*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Glenn Pierce,<br><br>　　　　　Plaintiff,<br>v.<br><br>Capital Management Services, LP,<br><br>　　　　　Defendant. | Case No.:<br><br>**Complaint for damages under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.**<br><br>**Jury trial demanded** |

**Introduction**

1. In enacting the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (the "FDCPA"), Congress found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and determined that abusive debt collection practices contribute to bankruptcies, marital instability, the loss of jobs, and invasions of individual privacy. The FDCPA is intended to eliminate abusive debt collection practices by debt collectors. The Act ensures that law-abiding debt collectors are not competitively disadvantaged, and protects consumers against debt collection uniformly among the States.

2. Glenn Pierce ("Plaintiff"), by counsel, brings this action to challenge the actions of Capital Management Services, LP ("Defendant"), with regard to Defendant's unlawful attempts to collect debt from Plaintiff, causing harm to Plaintiff.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. Unless otherwise stated, all the conduct engaged in by Defendant took place in Nevada.

6. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

**Jurisdiction and Venue**

7. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 (federal question jurisdiction).

8. This action arises out of Defendant's violations of the FDCPA.

9. Defendant is subject to personal jurisdiction in Nevada, as it is registered with the Nevada Secretary of State and conducts business in Nevada, and attempted to collect debt from Plaintiff in Nevada.

10. Venue is proper pursuant to 28 U.S.C. § 1391 because all the conduct giving rise to this complaint occurred in Nevada.

## Parties

11. Plaintiff is a natural person who resides in Clark County, Nevada.

12. Plaintiff is alleged to owe a debt, and is a consumer as that term is defined by 15 U.S.C. § 1692a(3).

13. Defendant is a company that offers debt collection services.

14. Defendant uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts; or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another; and is a debt collector as defined by 15 U.S.C. § 1692a(6).

15. Capital Management Services, LP is a corporation doing business in the State of Nevada.

16. Unless otherwise indicated, the use of Defendant's names in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of the named Defendant.

## Factual allegations

17. The following is some of the information Plaintiff is currently aware of, and it is expected that after Plaintiff conducts discovery, these allegations will be bolstered and enhanced through discovery.

18. Plaintiff is alleged to have owed a credit card-related debt to Citibank, N.A (the "debt").

19. The debt was incurred primarily for personal, family or household purposes and is therefore a debt as that term is defined by 15 U.S.C. §1692a(5).
20. The validity of the alleged debt is immaterial to this action, and Plaintiff currently takes no position as to its validity.
21. Sometime thereafter, Defendant was assigned the right to collect on the debt.

**Defendant was unlawfully collecting an amount that was neither expressly authorized by any agreement nor permitted by law**

22. On or around September 11, 2021, Defendant sent Plaintiff a letter for the purposes of collecting on the debt.
23. In the September 2021 collections letter, Defendant alleged that Plaintiff owed $1,181.96.
24. The October Collection Letter also stated that "This is an attempt to collect a debt; any information obtained will be used for that purpose. This communication is from a debt collector."
25. However, the debt that Defendant is attempting to collect does not belong to Plaintiff.
26. As such, Defendant was attempting to collect an amount that it was not entitled to.
27. Under the FDCPA, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.  The Act prohibits "the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1).

///
///
///
///
///

COMPLAINT - 4 -

## Plaintiff's damages

28. Plaintiff has suffered emotional distress and mental anguish as a result of Defendant's actions described herein. In addition, Plaintiff incurred out-of-pocket costs and time in attempts to dispute Defendant's actions. . Plaintiff further suffered humiliation and embarrassment when Plaintiff needed to seek the help of others, including friends, family, and an attorney, because Plaintiff felt helpless against Defendant.

## First Cause of Action
## Fair Debt Collection Practices Act
## 15 U.S.C. §§ 1692 et seq.

29. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs of the Complaint as though fully stated herein.

30. Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect a debt .

31. Defendant's conduct violated 15 U.S.C. § 1692f(l) in that Defendant attempted to collect an amount not expressly authorized by the agreement creating the debt or permitted by law.

32. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA.

33. As a result of each and every violation of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## Prayer for relief

34. Wherefore, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3); and
- Any other relief that this Court deems just and proper.

### Jury Demand

35. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: November 20, 2021.

Respectfully submitted,

**KIND LAW**

 /s/ Michael Kind
Michael Kind, Esq.
8860 South Maryland Parkway, Suite 106
Las Vegas, Nevada 89123

**FREEDOM LAW FIRM**

 /s/ George Haines
George Haines, Esq.
Gerardo Avalos, Esq.
8985 S. Eastern Ave., Suite 350
Las Vegas, Nevada 89123
*Counsel for Plaintiff Glenn Pierce*